UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,

v.

NOAH NAGY and
HEIDI WASHINGTON,

    Defendants.

Case No. 20-11528
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [83]

Sean Ryan is an inmate at the G. Robert Cotton Correctional Facility (JCF), a Michigan Department of Corrections prison located in Jackson, Michigan. Many inmates at JCF live in shared housing: either two inmates share a small cell or approximately 150 inmates share a large pole-barn. But not Ryan. He is housed in a single-person cell. Ryan believes that because inmates must share sleeping and living quarters, they are at risk of contracting contagious diseases including, but not limited to, COVID-19. Based on this belief, Ryan sued alleging that MDOC Director Heidi Washington's and JCF Warden Noah Nagy's policy or practice of shared housing violates the Eighth Amendment of the United States Constitution and the analogous provision of the Michigan Constitution.

Judgment has been entered in this case. (*See* ECF No. 82.) This Court dismissed Ryan's federal claims for monetary damages on January 26, 2022. *Ryan v. Nagy*, No. 20-11528, 2022 WL 260812, at *4 (E.D. Mich. Jan. 26, 2022), *vacated in*

*part,* No. 20-11528, 2022 WL 17091985 (E.D. Mich. Nov. 21, 2022) *available at* (ECF No. 35). And on April 20, 2023, this Court dismissed Ryan's remaining federal claim for prospective, injunctive relief, finding that he lacked Article III standing. *Ryan v. Nagy*, No. 20-11528, 2023 WL 3026689, at *2 (E.D. Mich. Apr. 20, 2023) *available at* (ECF No. 81). Specifically, the Court found that Ryan was neither injured by Defendants' shared housing policy nor did he face a substantial risk of future injury, as he has been housed in a single-person cell for the past four years and is unlikely to be moved to shared housing in the future. *Id.* at *4. The Court also declined to exercise supplemental jurisdiction over Ryan's state constitutional claim. *Id.*

Ryan now asks the Court to reconsider its April 20 opinion and order dismissing his claims for prospective, injunctive relief. (*See* ECF No. 83.) But Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsideration of final orders or judgments. Instead, consistent with the Local Rules, the Court construes Ryan's motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Rule 60(b). *Id.*

For the reasons explained below, Ryan's motion will be denied.

I.

Rule 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of entry of judgment. Relief under this provision is discretionary. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

2

prevent manifest injustice." *Id*. Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id*. (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Ryan's motion does not satisfy this standard.

To start, Ryan asks the Court to reconsider its order because it erred when it overlooked Nagy's supplemental affidavit (ECF No. 77-1), and instead relied on a prior affidavit. Ryan also claims that the supplemental affidavit shows that Nagy perjured himself—another reason supporting reconsideration.

To his credit, Ryan is correct that the Court's opinion and order overlooked Nagy's supplemental affidavit and relied on his earlier affidavits in concluding that Ryan lacked standing. (ECF No. 81, PageID.1629.) But even considering Nagy's supplemental affidavit, the Court finds that it also supports its conclusion that Ryan has not established that he faces "certainly impending" harm or a substantial risk of harm from Defendants' shared housing policy. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An injury sufficient to satisfy Article III must be . . . actual or imminent, not conjectural or hypothetical. . . . An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur."). So the Court correctly concluded that Ryan lacks Article III standing.

Consider Nagy's assertion in the supplemental affidavit that Ryan's medical accommodation does not guarantee a single-person cell. Nagy says that it is thus

3

possible, though "extremely unlikely," that a cellmate could be placed with Ryan in a handicap cell. (ECF No. 77-1, PageID.1604.) While Nagy's previous affidavit stated that so long as Ryan had a wheelchair accommodation and was at JCF, he would remain in a single-person cell, the Court never found that Ryan was guaranteed a single-person cell. Instead, the Court found that Nagy's affidavit suggested that Ryan did not face "certainly impending" harm from the shared housing policy that he sought to enjoin. (ECF No. 81, PageID.1629.) That conclusion flowed from these facts: Ryan had been housed in a single-person cell for essentially the entirety of his time at JCF, was still housed in a single-person cell, and could not point to any plans, arrangements, or statements indicating he was likely to be moved out of a single-person cell in the future. The supplemental affidavit only provides further support: "Ryan has been in a cell by himself for the past four years," and "it is extremely unlikely that he would be given a cellmate while at [JCF.]" (ECF No. 77-1, PageID.1604.)

Moreover, the fact that Ryan is not absolutely guaranteed a single-person cell does not show the Court made a clear error of law in finding that Ryan lacked standing. As the Court explained in its prior opinion, the mere possibility of future harm is insufficient to establish the injury-in-fact element of standing for prospective, injunctive relief. (ECF No. 81, PageID.1628.) Indeed, the Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not

4

sufficient. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (citations omitted).

The Supreme Court has also made clear that "mere[ ] speculat[ion] and . . . assumptions about" how the government will act is not a sufficiently particularized harm to meet the injury-in-fact requirement. *Clapper*, 568 U.S. at 412. "This is true even where the government has the power to do what a plaintiff fears it might." *See Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 410 (6th Cir. 2019). So even though Defendants have the power to move Ryan into shared housing, and Ryan is not absolutely guaranteed a single-person cell, the facts still do not show a substantial likelihood of future harm from the shared housing policy. Thus, the Court's holding that Ryan lacks standing is not "clear error."

Second, Ryan says the Court should reconsider its ruling to prevent manifest injustice. He alleges that Nagy committed perjury by (1) misleading the Court to believe Ryan was guaranteed a single cell in his earlier affidavits and (2) falsely stating in the supplemental affidavit that Ryan could not be housed in a pole-barn due to his wheelchair accommodation when other inmates in wheelchairs are housed in pole-barns. (ECF No. 83, PageID.1635–1636.)

As to Ryan's first allegation, Nagy did not intentionally misrepresent facts or mislead the Court. To the extent his previous affidavits implied that Ryan's medical accommodation guaranteed him a single-person cell, Nagy's supplemental affidavit clarified that point. It explained that, after further investigation, he could not guarantee that a cellmate would never be placed with Ryan, though it was extremely

5

unlikely. So if anything, the supplemental affidavit shows that Nagy investigated and clarified the risk of future harm Ryan faced. It does not show an intent to mislead or provide false information to the Court. And even if it did, it would not change the bottom line. As explained above, Ryan lacks standing even though he is not "guaranteed" a single-person cell.

Ryan's second allegation of perjury also fails to justify relief under Rule 59(e). To start, it relies on new evidence about the housing of other wheelchair users in a pole barn. But the Court will not consider these "new" facts because a Rule 59(e) motion "may not be used to . . . present evidence that could have been raised prior to the entry of judgment." *Brumley*, 909 F.3d 834 at 841 (quoting *Exxon Shipping Co.*, 554 U.S. 471 at 486 n.5). Ryan had ample opportunity to present evidence that the risk of being moved into shared housing was actual or imminent, including by alleging that he knew of other wheelchair users who have been housed in the pole-barns. Ryan cannot use a Rule 59(e) motion to bring forth facts he could have raised prior to the entry of judgment.

But even if the Court could consider the fact that other wheelchair users are housed in the pole-barns, it still does not establish a substantial likelihood that Ryan will be moved to a pole-barn in the future. As the Court has repeatedly stated, the mere speculative, hypothetical possibility of being subject to harm is simply not enough to establish Article III standing for prospective, injunctive relief.

So Ryan's motion fails to meet the standards for an amendment of the judgment under Rule 59(e).

6

## II.

Ryan does not fare any better under Rule 60(b). Ryan's motion could conceivably fall under either the fraud or misrepresentation provision or the catchall provision of Rule 60(b). Fed. R. Civ. P. 60(b)(3) (stating that courts can relieve a party from a final judgment or order for fraud, misrepresentation, or misconduct by the opposing party); Fed. R. Civ. P. 60(b)(6) (stating that courts can relieve a party from a final judgment "for any other reason that justifies relief").

Start with Ryan's claim that Nagy intentionally misrepresented that Ryan was guaranteed a single-person cell. Courts have allowed 60(b) relief where fraud or intentional misrepresentation is proven through clear and convincing evidence. *Nicole Energy Servs., Inc. v. McClatchey*, No. 2:08-CV-0463, 2010 WL 55718, at *7 (S.D. Ohio Jan. 4, 2010) (citing *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). As noted above, however, nothing in the record indicates Nagy intentionally misrepresented the facts in his earlier affidavits. Nor has Ryan shown by clear and convincing evidence that Nagy intentionally misrepresented the fact that Ryan could not be placed in a pole-barn due to his wheelchair accommodation.

Ryan's motion also fails under the catchall provision of Rule 60(b), which provides that a court may relieve a party from a final judgment for "any" other reason that justifies relief (beyond those set forth in Rule 60(b)(1)–(5)). This provision "vests courts with a deep reservoir of equitable power to vacate judgments to achieve substantial justice in the most unusual and extreme situations." *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018). Ryan has not shown that this is such a case.

7

Nothing he argued persuades the Court that it must set aside its prior conclusion that Ryan does not face a "certainly impending" or substantial risk of harm, and thus, does not have Article III standing to bring his claims for prospective, injunctive relief.

### III.

Accordingly, the Court DENIES Ryan's motion for reconsideration (ECF No. 83).

SO ORDERED.

Dated: May 10, 2023

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE